IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY RAY CHANDLER, | : | CIVIL ACTION NO. 1:13-CV-2992 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| UNITED STATES, MR. DAVID BALL, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 23rd day of December, 2013, upon consideration of plaintiff's recently filed complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (Doc. 1), in which he seeks to proceed in forma pauperis (Doc.2), and the court finding that the "three strikes"provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g)[1], prohibits him from proceeding in forma pauperis as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim, see Chandler v. Hammon, D.D.C.

---

[1]Section 1915(g), also known as the "three strikes" rule, provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Civ. No. 95-cv-01425 (order entered 8/2/95); <u>Chandler v. Barry</u>, D.D.C. Civ. No. 95-cv-01169 (order entered 6/2/95); <u>Chandler v. Moore</u>, D.D.C. Civ. No. 94-cv-01340 (order entered 12/21/94), and that plaintiff's allegations that he is suffering adverse effects from a surgery performed by Dr. David Ball on January 4, 2013 (Doc. 1, at 6), do not indicate that plaintiff "is under imminent serious physical injury," 28 U.S.C. § 1915(g), or that a threat of danger is real and proximate, <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (interpreting "is under imminent danger" to relate to the time when "a prisoner bring[s] a civil action"); <u>see also</u> <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002) (finding that "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate"), and, therefore, his claim fails to meet the imminent danger exception to section 1915(g), it is hereby ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Doc. 2) is DENIED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court is directed to VACATE the administrative order (Doc. 6) and NOTIFY the warden at the United States Penitentiary at Lewisburg.

4. The Clerk of Court is further directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).

    /S/ CHRISTOPHER C. CONNER
    Christopher C. Conner, Chief Judge
    United States District Court
    Middle District of Pennsylvania